IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION CEDRIC STARKS,            ) | No. C 08-5525 MMC (PR) |
|                                  ) | |
| Plaintiff,                       ) | **ORDER OF DISMISSAL** |
|                                  ) | |
| v.                               ) | |
|                                  ) | |
| SAN FRANCISCO POLICE             ) | |
| DEPARTMENT, et al.,              ) | |
|                                  ) | |
| Defendants.                      ) | |
| _____  ) | |

On December 9, 2008, plaintiff, a California prisoner incarcerated at the San Francisco County Jail, and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

Plaintiff alleges that during the course of criminal proceedings that took place in Oakland, California, between December 1994 and December 1998, he was unlawfully held to answer and found guilty of criminal charges because of ineffective assistance of counsel, inaccurate psychiatric reports prepared for the trial court by a jail psychiatrist, and judicial bias. He seeks monetary damages.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

   Plaintiff's claims cannot go forward because they are barred by the applicable statute of limitations. Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984). Here, plaintiff has been granted leave to proceed in forma pauperis and, for the reasons discussed below, the Court finds, from the face of plaintiff's complaint, the statute of limitations is a complete and obvious defense to the claims raised herein.

   Section 1983 does not contain its own limitations period. See Elliott v. Union City, 25 F.3d 800, 802 (9th Cir. 1994). Rather, the appropriate period is that of the forum state's statute of limitations for personal injury torts. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). In the event the state has multiple statutes of limitations for different torts, federal courts considering claims brought pursuant to § 1983 borrow the general or residual statute for personal injury actions. See Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999). Effective January 1, 2003, California's general residual statute of limitations for personal injury actions is two years; prior to that date, the limitations period for such actions was one year. See Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).[1] Additionally, a

---

[1] The two-year statute of limitations for personal injury actions does not apply retroactively to claims that accrued prior to that date. See id. at 954-55. Thus, the pre-2003 statute of limitations, i.e., one year, is applicable to the instant action.

federal court must give effect to a state's tolling provisions. See Hardin v. Straub, 490 U.S. 536, 543-44 (1989). In California, incarceration of the plaintiff is a disability that tolls the statute for a maximum of two years. See Cal. Civ. Proc. Code § 352.1.

A claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of that cause of action. See TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999); Elliott, 25 F.3d at 802. Here, plaintiff alleges he was injured by events that took place between December 1994 and December 1998; thus, plaintiff's claims of injury accrued no later than December 31, 1998. If plaintiff remained incarcerated for at least two years thereafter, under California law plaintiff had, at most, three years from the date on which his claims accrued in which to file his complaint against the instant defendants; consequently, he was required to do so by no later than December 31, 2001. Plaintiff, however, did not file the instant action until December 9, 2008.

As plaintiff filed his complaint, at a minimum, more than seven years after the statute of limitations had expired, the instant action is time-barred. The Court further finds plaintiff's complaint, when read with the requisite liberality, contains no allegation that would suggest plaintiff is able to show he is entitled to any period of statutory tolling other than that discussed above. See Jablon v. Dean Witter & Co., 614 F.2d 677, 683 (9th Cir. 1980) (holding complaint may be dismissed on statute of limitations grounds where allegations therein, even when read with required liberality, would not permit plaintiff to prove statute was tolled). Accordingly, the complaint will be dismissed as barred by the statute of limitations.

Further, plaintiff's complaint is subject to dismissal under the United States Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. See id. at 486-87. A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under

3

§ 1983. See id.

Here, plaintiff does not allege the criminal convictions that stemmed from the alleged unlawful proceedings he seeks to challenge have either been reversed or declared invalid; moreover, a habeas corpus petition filed in this court by plaintiff the day prior to his filing the instant action makes clear said convictions have not been reversed or otherwise invalidated. Specifically, in Starks v. Hennessey, No. C 08-5490 MMC (PR), plaintiff has attempted to challenge the legal validity of the same criminal proceedings at issue herein. Accordingly, plaintiff's damages claims will be dismissed under Heck.

In sum, even when the complaint is read with the required liberality, it is obvious from the face of the complaint and the Court's records that the claims have been brought outside of the applicable period of limitations and are barred under Heck v. Humphrey. The action therefore will be dismissed.

**CONCLUSION**

For the foregoing reasons, the above-titled action is hereby DISMISSED with prejudice.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: December 18, 2008

_____
MAXINE M. CHESNEY
United States District Judge

4